John Tipton Executive Director Department of Revenue 1375 Sherman Street, No. 486 Denver, CO 80203
Dear Mr. Tipton:
This opinion letter is in response to your December 20, 1989 inquiry about the distribution of automobile registration and title records.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Whether the automobile registration and title records maintained by the County Clerks acting as authorized agents for the Department of Revenue are subject to the Public Records Act.
Yes, they are.
2. Whether the County Clerks may independently distribute the data without the prior consent or approval of the Department of Revenue.
Yes.
3. What fee should the County Clerks charge to independently distribute the data in their records that is generated by use of the Distributive Data Processing System?
 A reasonable fee, not to exceed $1.25 per page unless actual costs exceed this amount.
4. Who should retain the fees received?
 The County Clerks, whenever they provide the copying service.
ANALYSIS
1. The Department of Revenue (hereafter, "the Department") manages the Statewide Distributive Data Processing System to aid its "authorized agents . . . in processing motor vehicle registration and title documents." § 42-1-210.1, C.R.S. (1984). Pursuant to § 42-1-210, C.R.S. (1984), the County Clerks and the Manager of Revenue for the City and County of Denver are designated as authorized agents for purposes of recording and maintaining registrations and titles to motor vehicles. This service is performed for the Department without additional remuneration of fees except as otherwise provided in the statutes. Id.
The Public Records Act provides that "[i]t is . . . the public policy of this state that all public records shall be open for inspection by any person at reasonable times, except as provided in this article or as otherwise specifically provided by law." § 24-72-201, C.R.S. (1988). Public records are defined in the Act as: "writings made, maintained or kept by the state or any agency, institution, or political subdivision thereof for use in the exercise of functions required or authorized by law or administrative rule or involving the receipt or expenditure of public funds." § 24-72-202(6) C.R.S. (1988). Because counties are political subdivisions of the state, § 24-72-202(5), C.R.S. (1988), the automobile registration and title records kept or maintained by the counties would qualify as public records. Because these records are not exempt from disclosure by § 24-72-204, C.R.S. (1988) or any other statute, they are subject to public inspection under the Act.
2. The Public Records Act authorizes individuals to obtain, upon request, copies of records which are subject to inspection. §§ 24-72-203, -205, C.R.S. (1988). For obvious reasons, it does not condition distribution of such copies on the consent or approval of any administrative agency; it mandates an "official custodian" of such records to allow their inspection and copying upon request by any person. § 24-72-205, C.R.S. (1988).
"Official custodian" is defined, in the Act, as "any officer or employee of the state or any agency, institution, or political subdivision thereof who is responsible for the maintenance, care, and keeping of public records, regardless of whether such records are in his actual personal custody and control." § 24-72-202(2), C.R.S. (1988). Because County Clerks are officers or employees of political subdivisions of the state, § 24-72-202(5), C.R.S. (1988), and are authorized to maintain and keep on file motor vehicle registration and title records, § 42-1-210, C.R.S. (1984), they qualify as "official custodians" of the records. Upon appropriate request, they are obligated to distribute copies of those records, regardless of whether the Department consents to their distribution.
3. The fees collected for copies of public records are set forth in the Public Records Act: a reasonable fee as set by the official custodian, not to exceed one dollar and twenty-five cents per page unless the actual costs exceed that amount. §24-72-205(1), C.R.S. (1988).
4. The Public Records Act is silent regarding who retains the fees received for distributing copies of public records. In my view, however, it is implicit in the structure of the Act that the fees be retained not by the agency which provides, or helps provide, the underlying information, but by the agency which is called upon to provide the copying service for the public. This is a just and reasonable result, see § 2-4-204, C.R.S. (1980), finding support, in part, from the provision authorizing the official custodian providing the copies to set fees reasonably related to the costs associated with doing so.See § 24-72-205(1), C.R.S. (1988). When the counties are called upon to expend their resources in complying with the Public Records Act, they are entitled to retain the fees charged in connection therewith.
SUMMARY
The motor vehicle titles and registrations kept on file by the county are documents subject to public inspection and distribution pursuant to the Public Records Act. Upon appropriate request, the County Clerks are obligated to distribute copies of those records. When called upon to do so, however, they may charge and retain a reasonable fee for providing copying services.
Sincerely,
 DUANE WOODARD Attorney General
MOTOR VEHICLE LICENSE REGISTRATION OPEN RECORDS STATUTORY CONSTRUCTION
§§ 42-1-210 and 210.1, C.R.S. (1984) §§ 24-72-201 and 205, C.R.S. (1988)
REVENUE, DEPT. OF
The motor vehicle titles and registrations kept on file by the county are documents subject to public inspection and distribution pursuant to the Public Records Act. Upon appropriate request, the County Clerks are obligated to distribute copies of those records. When called upon to do so, however, they may charge and retain a reasonable fee for providing copying services.